JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-04728 DMG (RZx)** | Date | July 15, 2011 |
|---|---|---|---|

| Title | *Maureen Cross, et al. v. Home Loan Mortgage Corporation, et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

## I.
## INTRODUCTION

Plaintiffs Maureen and Terry Cross filed a complaint in Los Angeles County Superior Court on April 25, 2011. On June 2, 2011, Defendant Deutsche Bank National Trust Company removed the action to this Court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1441. Deutsche Bank filed a motion to dismiss on June 9, 2011 [Doc. # 5]. Plaintiffs filed an opposition on June 23, 2011 [Doc. # 8]. On June 27, 2011, Deutsche Bank filed a reply [Doc. # 9]. The Court took this matter under submission on July 6, 2011 [Doc. # 10].

In their opposition, Plaintiffs advance several reasons why they believe removal was improper—in particular, that the amount in controversy is below the jurisdictional minimum—and request that the Court remand this case to state court. (Opp'n at 6-7, 9-13, 20.) Because Deutsche Bank did not respond to these arguments in its reply, the Court permitted it to file a supplemental brief regarding the propriety of removal. *See Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir. 1993) (finding that "the remand issue was put squarely before the district court" when raised in opposition to a motion to dismiss even though the plaintiff filed no formal motion for remand). Deutsche Bank filed its supplemental brief on July 12, 2011 [Doc. # 11].

## II.
## JURISDICTION

**A.**    **Legal Standard**

In a case that has been removed from state court to federal court on the basis of diversity jurisdiction, the proponent of federal jurisdiction has the burden to prove, by a preponderance of

the evidence, that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Id.* at 1107 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof. *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1194-95, 175 L.Ed.2d 1029 (2010).

To determine whether the amount in controversy meets the jurisdictional requirement, a court may first consider whether it is facially apparent from the complaint. If not, the court may then consider facts in the removal petition and may require the parties to submit additional evidence relevant to the amount in controversy at the time of removal. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). In calculating the amount in controversy, a court may consider both the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

**B.** **Discussion**

Plaintiffs raise three causes of action for (1) violation of California Civil Code section 2923.5; (2) breach of contract; and (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. The gist of each cause of action is the same: Plaintiffs assert that Defendants are attempting to foreclose on their property without adhering to the requisite contractual and statutory procedures. Plaintiffs seek a declaration that "Defendants have no right to conduct the [foreclosure] sale, because [they] have not followed the . . . procedures required under California Civil Code § 2923.5." (Compl. at 10 (emphasis omitted).) Plaintiffs also seek to enjoin Defendants from selling their property.[1] (*Id.*)

Plaintiffs do not dispute that they are in arrears on their promissory note payments. (*See, e.g.*, Compl. ¶ 27 ("Plaintiffs have been precluded from properly curing any default in their mortgage . . . .").) Rather, they claim that Defendants violated California Civil Code section

---

[1] In addition, Plaintiffs request an accounting "determining the amount." (Compl. at 10.) As Plaintiffs identify no basis for an accounting, it is unclear what "amount" they wish to determine. Plaintiffs' final demand for attorneys' fees (*id.* at 11) has no apparent statutory or contractual basis. Prevailing plaintiffs under the UCL "are generally limited to injunctive relief and restitution" and "may not receive damages, much less . . . attorney fees." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179, 83 Cal. Rptr. 2d 548 (1999) (citations omitted). The only remedy under California Civil Code 2923.5 is a delay in the foreclosure process. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 213-14, 110 Cal. Rptr. 3d 201 (2010). Plaintiffs' deed of trust provides for attorneys' fees to *Defendants* in certain circumstances (Compl., Ex. A at 7-8, 12) but not to Plaintiffs.

2923.5 by failing to contact them "to assess Plaintiffs' financial position and explore options that would avoid foreclosure." (Compl. ¶ 13.) Plaintiffs also contend that Defendant Home Loan Mortgage Corporation violated a provision in the deed of trust requiring Defendant to record notice that it appointed First American Trustee Servicing Solutions, LLC as a successor trustee. (*Id*. ¶¶ 38-39.)

Deutsche Bank contends that this case satisfies the amount-in-controversy requirement because it involves a loan in excess of $790,000 on which Plaintiffs owe more than $195,000. (Supp. Brief at 5-6.) It does not appear from the face of the complaint, however, that Plaintiffs contest the amount of their loan, the fact of their default, or the amount that they currently owe. Thus, neither $790,000 nor $195,000 is at issue and Deutsche Bank cites no legal authority why these amounts provide the relevant yardstick.

*Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074 (9th Cir. 1973), is not to the contrary. In *Garfinkle*, the plaintiff also sought to enjoin the defendants from foreclosing on real property. The Ninth Circuit found that the controversy met the jurisdictional threshold based on either the amount of the underlying loan or the market value of the property at issue.[2] *Id*. at 1076. *Garfinkle* differs from the instant case in that the plaintiff there challenged the very constitutionality of California's nonjudicial foreclosure procedure. Judgment for the plaintiff would have prevented the defendant bank from pursuing nonjudicial foreclosure altogether. *See id*. at 1076 ("The whole purpose of this action is to foreclose the Bank from selling this property in the manner contemplated.") Because the plaintiff in *Garfinkle* stood to deprive the bank of its ability to sell the property at issue, the property's market value represented the amount in controversy.

"[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)). Thus, "where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id*.

Here, Plaintiffs do not attack the validity of California's nonjudicial foreclosure procedures. To the contrary, Plaintiffs rely on them. Plaintiffs merely seek to temporarily enjoin Deutsche Bank from foreclosing on their property until it complies with certain procedural

---

[2] Both amounts exceeded the jurisdictional minimum and the Ninth Circuit did not specify which one was more appropriate in measuring the amount in controversy.

requirements that Plaintiffs allege have thus far not been met. A judgment for Plaintiffs in this case would delay—not preclude—any foreclosure sale. Therefore, the amount of the loan and the amount due thereunder are immaterial to the jurisdictional question. *See Cheng v. Wells Fargo Bank, N.A.*, No. SACV10-1764-JST (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages.").

There is no evidence currently before the Court suggesting that the cost to Defendants from a delay in foreclosure would exceed $75,000 dollars. The cost of delay is similar to the costs at issue in unlawful detainer actions—cases that this Court routinely remands to state court because the amount in controversy, *i.e.*, the rental value of the properties at issue, is substantially less than the jurisdictional minimum. Because Deutsche Bank fails to establish by a preponderance of the evidence that this case involves at least $75,000, the Court concludes that it lacks subject matter jurisdiction. Consequently, removal was improper.

## III.
## CONCLUSION

In light of the foregoing, this case is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**